IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| QIANA GLENN, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:24-cv-88 (CDL) |
| EXPERIAN INFORMATION SOLUTIONS and TRANSUNION LLC, | * | |
| | * | |
| Defendants. | * | |

O R D E R

Pro se plaintiff Qiana Glenn brought this action alleging violations of the Fair Credit Reporting Act("FCRA"), 15 U.S.C. § 1681 *et seq.* Defendants Experian Information Solutions, Inc. and Trans Union LLC filed a motion to dismiss Glenn's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, Defendants' motion to dismiss (ECF No. 10) is granted.

STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[1] Glenn sued these entities as Experian Information Solutions and TransUnion LLC, hence the discrepancy between the Defendants' names in the caption and the body of this Order.

(2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). "Nevertheless, [the Court] cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

## FACTUAL ALLEGATIONS

Glenn alleges the following facts in support of her claims. The Court must accept these allegations as true for purposes of the pending motion. Glenn alleges that she was denied an extension of credit, which prompted her to request consumer credit reports from Experian and Trans Union. She alleges that her credit reports from each Defendant both showed false, inaccurate, and incomplete

information including several charged off accounts. For each of the disputed accounts and charges, she provides the furnisher's name, the account number, and the amount owed. To give one example, she identifies a Navy Federal Credit Union account that was charged off with a past due amount of $51,475 which appeared on her Experian and Trans Union credit reports. *See* Compl. Ex. A, Statement of Claim 1, ECF No. 1-1. Glenn alleges she disputed all the listed accounts and charges online and through a mailed letter with supporting documents. However, both Defendants maintained that the disputed accounts and charges were accurate. Glenn alleges that she was denied credit due to this continued inaccurate reporting which caused her to suffer mental and emotional distress.[2]

## DISCUSSION

Glenn brought this action pursuant to 15 U.S.C. § 1681o, which imposes civil liability for negligent noncompliance with the FCRA's requirements. Specifically, she alleges that Defendants

---

[2] Glenn included additional factual information in a surreply brief opposing Defendants' motion to dismiss. Without amending her complaint to allege these additional facts, Glenn cannot rely on them to support her claims. The Court gave Glenn an opportunity to file an amended complaint, but she failed to do so within the deadline set by the Court. Therefore, the Court declined to consider this surreply brief as Glenn never sought permission to file it. *See* M.D. Ga. R. 7.3.1(C) ("A party desiring to file a surreply brief must move in writing for permission to do so."). And the Court's review of a motion to dismiss is restricted to the complaint or an amended complaint, not extraneous documents filed with the Court, particularly when the Court has expressly given a plaintiff the opportunity to amend her complaint.

violated the requirements of 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681s-2.  The Court addresses each of these claims in turn.[3]

## I.   15 U.S.C. § 1681e(b) Claims

Glenn alleges that Defendants violated 15 U.S.C. § 1681e(b) which requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  To state a claim under § 1681e(b), a "plaintiff must show that the agency's report contained factually inaccurate information, that the procedures it took in preparing and distributing the report weren't 'reasonable,' and that damages followed as a result."  *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021).

Here, Glenn has not pled any facts from which the Court could reasonably infer that Defendants' reports about her contained factually inaccurate information.  She alleges that there were "false, inaccurate, and incomplete accounts" being reported and that the inaccurate reporting was "causing [her] denial of . . . credit."  Compl. Ex. A, Statement of Claim 1-2.  She alleges no facts regarding why or in what way these accounts were inaccurate.  This conclusory allegation of inaccuracy is merely a recitation of

---

[3] The civil cover sheet filed alongside the complaint referenced causes of action under other statutory provisions which were not referenced in the complaint itself.  Since Plaintiff did not plead these causes of action in her complaint, the Court does not address them in this Order.

4

the inaccurate information element of her § 1681e(b) claim. Defendants' motion to dismiss is granted as to that claim.

## II. 15 U.S.C. § 1681s-2 Claims

Glenn also alleges that Defendants violated 15 U.S.C. § 1681s-2. That statute, however, imposes "[r]esponsibilities [on] furnishers of information to consumer reporting agencies." 15 U.S.C. § 1681s-2. Defendants here prepared consumer credit reports about Glenn using information from institutions that extended credit to Glenn. Therefore, Defendants are consumer reporting agencies under the FCRA, not furnishers. *See* 15 U.S.C. § 1681a(f) (defining consumer reporting agency as any entity which regularly engages in the practice of "assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties"). Accordingly, Defendants are not subject to the requirements of 15 U.S.C. § 1681s-2. *See Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1301 (11th Cir. 2016) (explaining that consumer reporting agencies are subject to investigative responsibilities under 15 U.S.C. § 1681i while 15 U.S.C. § 1681s-2 governs the responsibilities of entities that furnish information to consumer reporting agencies). Defendants' motion to dismiss is granted as to Glenn's 15 U.S.C. § 1681s-2 claim.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (ECF No. 10) is granted and Glenn's complaint is dismissed without prejudice.

IT IS SO ORDERED, this 10th day of January, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
